**Guo Hong LIN, Petitioner,**

**v.**

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–40772–AG.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2005.

Joan Xie, New York, New York, for
Appellant.

Andrew M. Malek, Assistant United
States Attorney, (Gregory G. Lockhart,
United States Attorney for the Southern
District of Ohio, on the brief), Columbus,
Ohio, for Appellees.

PRESENT: Hon. THOMAS J.
MESKILL, Hon. JOSÉ A. CABRANES,
and Hon. ROBERT D. SACK, Circuit
Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of the
Board of Immigration Appeals is **AF-
FIRMED** and the petition for review is
**DENIED.**

Guo Hong Lin, a native and citizen of
China, petitions this Court pursuant to
section 242(b) of the Immigration and Na-
tionality Act ("INA"), 8 U.S.C. § 1252(b),
for review of an October 15, 2003 order of
the Board of Immigration Appeals ("BIA")
affirming the May 20, 2002 order of the
immigration judge ("IJ") denying his appli-
cation for asylum, withholding of removal,
and relief pursuant to the Convention
Against Torture ("CAT") and ordering him
removed from the United States. We as-
sume the parties' familiarity with the un-
derlying facts, procedural history, and is-
sues on appeal.

"We review the factual findings underly-
ing the BIA's determinations under the
substantial evidence standard, reversing
only if no reasonable fact-finder could have
failed to find that petitioner suffered past
persecution or had a well-founded fear of
future persecution or torture." *Ramsa-
meachire v. Ashcroft*, 357 F.3d 169, 177 (2d
Cir.2004) (internal quotations omitted).
Where, as here, the BIA summarily af-
firms the IJ's decision, we review the deci-
sion of the IJ directly. *See Secaida–Ro-
sales v. INS*, 331 F.3d 297, 305 (2d Cir.
2003).

We have reviewed the record and the
relevant case law and conclude that the
BIA's findings were based on substantial
evidence. Lin's treatment in China, ac-
cording to his own testimony, did not rise
to the level of persecution within the
meaning of the INA. Nothing in the record

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as a re-
spondent in this case.

indicates that Lin refused to pay the fine imposed on him for the pollution caused by his eel plant or spoke out against the closure of his business in order to express a political point of view or achieve a political objective.

Moreover, even if Lin's actions were construed as an expression of a political opinion, he failed to establish that the government officials' conduct rose to the level of persecution. *See Saleh v. United States Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). "While ... economic deprivation may constitute persecution, an asylum applicant must offer some proof that he suffered a 'deliberate imposition of substantial economic disadvantage.'" *Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (quoting *Chen v. INS*, 195 F.3d 198, 204 (4th Cir. 1999)). Lin failed to establish that the government officials intended to cause him financial harm by shutting down the eel plant. And Lin did not offer any proof to show that the closure of his business actually caused him economic harm.

We therefore conclude that the BIA's denial of asylum was supported by substantial evidence. Because Lin failed to establish eligibility for asylum, he was also unable to establish eligibility for withholding of removal. *See Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004). And by not making any arguments with respect to the denial of his CAT claim, Lin has waived this issue. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir.1998).

The petition for review is therefore hereby DENIED.